ORAN HERSHBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hershberger v. Commissioner
Docket No. 12482-81.
United States Tax Court
T.C. Memo 1983-447; 1983 Tax Ct. Memo LEXIS 338; 46 T.C.M. (CCH) 886; T.C.M. (RIA) 83447; July 28, 1983. Oran Hershberger, pro se. Grant A. Wolfe, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal icome taxes: Year
Deficiency
Sec. 6653(b) [1] Addition
1973
$37,379.49
$18,689.75
1974
1,987.25
993.63
*339 The issues for decision are: (1) Whether respondent's motion to dismiss for petitioner's failure properly to prosecute should be granted as to the deficiencies; [2] and (2) whether respondent has carried his burden of proving that any part of the underpayment of tax by petitioner was due to fraud as required by section 6653(b). FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. [3]
Petitioner resided in or near Dundee, Ohio, when he filed his purported individual Federal income tax returns for 1973 and 1974 with the Internal Revenue *340 Service. However, on July 29, 1974, and May 20, 1975, respectively, the Director of the Internal Revenue Service Center, Cincinnati, Ohio, advised petitioner by letter that the documents as filed did not constitute income tax returns and did not comply with the requirements of the Internal Revenue Code. Petitioner resided in Terre Haute, Indiana, when he filed his petition in this case. Petitioner received taxable income during the taxable years 1973 and 1974 in the amounts of $77,497.66 and $8,410.00, respectively. As reconstructed by respondent and deemed stipulated, this income consisted of numerous items, salient examples of which are included below. From 1968 to July 22, 1973, petitioner owned a sole-proprietorship which was engaged in the manufacture and sale of cement blocks. During the relevant period from January 1, 1973, to July 22, 1973, petitioner's business had a net profit of $42,582.46. On July 22, 1973, petitioner sold his business to his daughter and son-in-law, Elsie and Edward Weaver (hereinafter "the Weavers"). As a result of this sale and the allocation of the purchase price among the various assets of the business, petitioner realized a total long-term *341 capital gain of $50,238.32 [4] and total ordinary income of $9,635.30 during 1973. In addition to his principal income from the sale, petitioner received interest income as a result of the transaction. A promissory note and purchase agreement between petitioner and the Weavers required a downpayment of $20,000 and quarterly payments of interest at the rate of five percent on the unpaid balance. During 1973, petitioner received from the Weavers the first quarterly interest payment due in the amount of $1,726.74. Petitioner received additional interest payments from the Weavers totalling $6,350.05 during 1974. Petitioner also received net rental income in the amount of $184.00 during each of 1973 and 1974. Additionally, $556.91 of real estate taxes then due and owing by petitioner were paid by the Weavers during 1974. Petitioner received other income during 1974 in the amount of $3,069.04. Petitioner did not report any of these described items of income on his purported income tax returns for 1973 or 1974. Instead, he completed his Forms 1040 *342 for those years by inserting numerous constitutional objections. We find such contentions to be frivolous and wholly without merit. [5]
Petitioner failed to properly file returns or to pay his income taxes for 1973 and 1974. For years prior to 1973, however, petitioner filed proper returns on which he reported the same types of income received by him during 1973 and 1974, and paid the the taxes shown thereon as being due. Furthermore, during 1973, petitioner filed various returns and paid various *343 taxes related to the operation of his cement block business. These taxes included Federal employment taxes, Ohio state unemployment taxes, state sales taxes, and county taxes. Petitioner fired his accountant and reacquired financial records from him in June of 1973. As a reason for this dismissal and reacquisition of his records, petitioner stated his desire to prevent the Internal Revenue Service from subpoenaing said financial records. As a result of petitioner's underpayment of Federal income taxes for 1973 and 1974, respondent issued the notices of of deficiency considered in this case. During respondent's investigation of petitioner's tax liabilities for these years, petitioner failed to cooperate with respondent's agents. He failed to appear at scheduled conferences, failed to return telephone messages, and failed to provide requested information. Petitioner was subsequently convicted of failing to file a Federal income tax return for 1974 in violation of section 7203 by the U.S. District Court for the Northern District of Ohio. The terms and conditions of his probation after conviction included that petitioner file returns for all years for which none had been *344 filed and pay his 1973 and 1974 tax liabilities. Upon petitioner's failure to do so, his probation was revoked and he was sentenced to imprisonment for one year. Petitioner's lack of cooperation or compliance continued after he filed his petition with this Court. Despite the numerous opportunities afforded him, he failed to comply with the rules of this Court requiring, among other matters, timely response, requests for admissions, and stipulation for trial. [6] He failed to comply with Court orders and neglected even to appear before this Court for hearing or for trial. Following petitioner's failure to appear at trial on February 28, 1983, respondent moved to dismiss for failure properly to prosecute as to the deficiencies and submitted the fraud issue for determination on the basis of the deemed stipulated facts. OPINION Rule 123(b) provides in relevant part: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * Petitioner *345 bears the burden of disproving respondent's determination of deficiencies in income taxes. ; Rule 142(a). Where petitioner did not appear at trial and offered no evidence, it is clear that we can properly dismiss his case for lack of prosecution with respect to the underlying deficiencies. , affg. . [7] We, therefore, grant respondent's motion to dismiss as to the underlying deficiencies. The only remaining issue for decision is whether to sustain respondent's determination of the addition to tax for fraud with respect to petitioner. As to this fraud issue, respondent's motion to dismiss may be construed as a motion for default, supported by the stipulation of facts. See Rules 1(b) and 123(a); see also . Petitioner's acquiescence to our determination of the fraud issue at this time is assumed from his failure to appear *346 at trial. Rule 149(a) provides that, in the case of the unexcused absence of a party or his counsel when a case is called for trial, "* * * the case may be regarded as submitted on the part of the absent party or parties." Section 6653(b) provides in relevant part: (1) IN GENERAL.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. For purposes of section 6653(b), fraud is the intentional commission of an act or acts with the specific purpose of evading a tax believed to be owing. See , affg. a Memorandum Opinion of this Court; , affd. ; . The existence of fraud is a question of fact to be determined from the entire record. ; . The burden of proof rests on respondent, and he must meet that burden with *347 clear and convincing evidence. Sec. 7454(a); Rule 142(b); see , affg. a Memorandum Opinion of this Court; . Fraud is never presumed, but rather must be established by affirmative evidence. . Deemed stipulated facts may constitute affirmative evidence for this purpose. [8] Circumstantial evidence is permitted where direct evidence of fraud is not available. ; ; , affd. without published opinion, . [9] Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. ;. *348 The precise amount of underpayment resulting from fraud need not be proved. . The statute requires only a showing that "any part" of an underpayment results from fraud. However, respondent must show fraud resulting in underpayment for each taxable year in issue. Within the framework of the procedural and evidentiary requirements explained above, we have considered the facts deemed stipulated in this case and the reasonable inferences which can be drawn from those facts. On the basis of our consideration, we find that respondent has clearly and convincingly proved fraud for both 1973 and 1974 for purposes of section 6653(b). We are so persuaded in light of several facts, including the following.Petitioner omitted all items of income from his purported returns. He did so in spite of his knowledge of required reporting procedures, as evidenced by his earlier proper returns and his concurrent proper filing of correct returns for various taxes related to his business. Throughout the course of respondent's investigation, petitioner failed to cooperate and instead engaged *349 in dilatory and obstructive conduct. Petitioner's uncooperative behavior continued throughout the judicial proceedings of this case. Petitioner's failure to comply with the terms of his probation following criminal conviction for failure to file a tax return further evidences his pattern of fraudulent behavior. Petitioner's dismissal of his accountant and reacquisition of his financial records were undertaken for the expressed purpose of thwarting respondent's efforts to determine petitioner's correct tax liabilities. Under these circumstances, we find that respondent has succeeded in proving fraud by petitioner resulting in underpayments of Federal income taxes for 1973 and 1974. Therefore, we hold that petitioner is liable for the additions to tax for fraud pursuant to section 6653(b) as determined by respondent. To reflect the foregoing, An appropriate order of dismissal and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Alternatively, respondent argues on brief that dismissal is proper for petitioner's failure to carry his burden of proving that respondent's deficiency determinations were erroneous. See ; Rule 142(a). However, where the primary ground for dismissal is meritorious, see infra↩ this opinion, there is no need to consider this alternative premise.
3. Pursuant to Rule 91(f), stipulation occurred pursuant to our order accepting as established for purposes of this case the facts and evidence as set forth in respondent's proposed stipulation of facts.↩
4. After deduction of 50 percent of this amount, as permitted by sec. 1202, petitioner's resulting taxable gain was $25,119.16.↩
5. Such contentions are so utterly devoid of merit or foundation as not to require discussion. See , affg. an unreported opinion of this Court; . For a thorough discussion of constitutional objections of the type raised by petitioner, see . See also , affd. ; ; .↩
6. See Rules 37, 90, and 91.↩
7. See also ; .↩
8. See ; ;↩. 9. See .↩